**LOCAL 144, HOTEL, HOSPITAL, NURSING HOME AND ALLIED SERVICES UNION, S.E.I.U., AFL–CIO, Plaintiff,**

v.

**GREATER NEW YORK HEALTH CARE FACILITIES ASSOCIATION, INC., Individually and on behalf of its member residential health care facilities, Defendant.**

**No. 80 Civ. 0342 (KTD).**

United States District Court,
S. D. New York.

Oct. 15, 1980.

**154**

Vladeck, Elias, Vladeck & Engelhard, P. C., New York City, for plaintiff; Robert A. Cantore, Robert B. Stulberg, New York City, of counsel.

Shea, Gould, Climenko & Casey, New York City, for defendant.

## OPINION

KEVIN THOMAS DUFFY, District Judge:

The parties to this action are also parties to a collective bargaining agreement. That agreement contains an arbitration clause. A dispute and subsequent arbitration led to an award which provided for an increase in pension benefits and contributions as well as an increase in payments to be made to the parties' welfare fund. The plaintiff now seeks to enforce this award by way of a summary judgment motion. Most of the defendant's arguments for avoiding enforcement have already been rejected by this court. Finding no genuine issues of material fact to remain regarding this arbitration award, I hereby grant plaintiff's motion for summary judgment.

Summary judgment is properly granted in cases where there is no genuine issue of material fact. *United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). Under Federal Rules of Civil Procedure 56(e), once a motion for summary judgment is made and supported by affidavits, the adverse party must in turn supply the court with facts demonstrating that a factual issue exists. "Unsubstantiated assertions" by the opposing party will not suffice to allow a case to go to trial. See *SEC v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir. 1978). Here, the defendant does not dispute the existence of the award, its contents or the failure to comply with its terms. These uncontroverted facts form the basis of the plaintiff's motion. Rather, the defendant asserts that three issues of fact exist: first, whether there existed a conflict of interest on the part of the arbitrator; second, whether the award was withdrawn by the arbitrator, and third, whether the arbitrator exceeded his power under the agreement by issuing an award which jeopardized the financial soundness of the pension fund.

Defendant's argument that the validity of this arbitration award is undermined by the arbitrator's conflict of interest has been rejected already in *Ottley v. Palm Tree Nursing Home, et al.*, 493 F.Supp. 910 (S.D. N.Y.1980). There, I stated that the arbitrator's resignation in October of 1979, due to a conflict of interest did not operate retroactively to invalidate any of his awards. Thus, the arbitrator's conflict of interest is no longer a material issue in this case.

Defendant's second argument that the resignation letter from the arbitrator, Mr. Schmertz, (Lawson Affidavit, Exh. 1) and another letter from the defendant's representative, Mr. Lawson, (Lawson Affidavit, Exh. 2) together raise a factual issue as to whether the arbitrator withdrew his award was also rejected in the July 1, 1980 Opinion. That Opinion states that Mr. Schmertz's letter of resignation did not affect the validity of any prior awards nor act as a withdrawal. As a result, the defend-

ant's letter of November, 1979, which interprets Mr. Schmertz's subsequent silence as a withdrawal of the award is without significance to this issue as a matter of law.

■ Defendant's final asserted factual issue relating to whether the award exceeded the arbitrator's authority is a legal issue easily resolved by looking to the terms of the collective bargaining agreement. That agreement gave Schmertz jurisdiction to hear "all unresolved issues arising in the negotiations between the parties" and to resolve those issues by imposing "any modification." (Plaintiff's Complaint, Exh. A). The determination of benefit and contribution rates for the funds in question clearly falls within this mandate.

■ Defendant presses its argument that a factual issue exists here by stating that the award has a detrimental effect on the fund's financial stability. Whether this impact means the arbitrator exceeded his powers is a legal, not a factual, question which must be resolved here in favor of the plaintiff. For this court to rule on the propriety of the award based on the financial impact it had on the funds would violate the judiciary's long–standing respect for arbitrator's decisions. *United Steelworkers of America v. Enterprise Corp.*, 363 U.S. 593, 599, 80 S.Ct. 1358, 1362, 4 L.Ed.2d 1424 (1960).

■ In addition to a request for summary judgment, the plaintiff seeks in this action to have this court impose costs and attorney's fees on the grounds that the refusal of the defendant to accept the arbitration award made pursuant to the collective bargaining contract is vexations and in bad faith. Awarding costs and attorney's fees is within the power of this court where the losing party acts in bad faith. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975). In this case, however, no matter how outrageous the activities of the officers and directors of the Association, I do not believe it is appropriate to make such an award at this time. The defendant here is the unincorporated association of the owners of nursing homes in the metropolitan area. I hope that some of them care for the rights not only of their patients but their employees as well. I recognize that some owners may think that the Association has made a bad bargain. They must recognize, however, that their representatives made the bargain and as a result, the owners must live with it. Nevertheless, to charge the entire Association with bad faith would indirectly impose an extra burden on innocent patients and employees. I am unwilling to do that. This is not to say that in the future there may not be the occasion which mandates such a drastic remedy.

Plaintiff's motion for summary judgment is granted. Settle judgment on five (5) days' notice.

SO ORDERED.